**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **Z.G. and I.W.**

**No. 24-425** (Kanawha County CC-20-2023-JA-410 and CC-20-2023-JA-411)

**MEMORANDUM DECISION**

Petitioner Mother C.B.[1] appeals the Circuit Court of Kanawha County's June 24, 2024, order terminating her parental rights to Z.G. and I.W., arguing that the court erred by denying her motion for an improvement period and terminating her parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2023, the DHS filed a petition alleging that the petitioner abused and neglected the children by abusing drugs to the detriment of her parenting abilities, exposing them to domestic violence between herself and her boyfriend, failing to provide safe housing, and periodically leaving the children with relatives for months at a time. Specifically, the DHS alleged that the petitioner used methamphetamine and marijuana and lived in a home with no water or electricity. Shortly after the petition's filing, the parties convened for a preliminary hearing at which the petitioner was ordered to participate in adult life skills services, random drug screens, and a parental fitness evaluation.

In January 2024, the court held an adjudicatory hearing at which it found that the petitioner was noncompliant with services and continued to abuse drugs. At a final adjudicatory hearing in March 2024, the petitioner stipulated to abusing drugs to the detriment of her parenting skills but

---

[1] The petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Human Services appears by Attorney General John B. McCuskey and Assistant Attorney General Heather L. Olcott. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Sharon K. Childers appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

represented that she was accepted to an inpatient drug treatment program and would begin the program the following day. Accordingly, the court adjudicated her of abusing and neglecting the children. Thereafter, the petitioner filed a written motion requesting a post-adjudicatory improvement period.

In May 2024, the court held a dispositional hearing at which the petitioner did not appear but was represented by counsel. A Child Protective Services worker testified as to the petitioner's noncompliance with services and her lack of communication with the DHS. The worker explained that in the past two months, the petitioner had not submitted to drug screens, participated in adult life skills and parenting classes, or attended visits with the children. The worker further testified that the children were placed with a relative who was willing to adopt them and recommended termination of the petitioner's parental rights. In the resulting dispositional order, the court found that, although the DHS made reasonable remedial efforts, the petitioner failed to enter a rehabilitation program and continued to use drugs as evidenced by her numerous positive and missed drug screens. As a result, the court denied the petitioner's motion for a post-adjudicatory improvement period, finding that she demonstrated that she would not comply with or benefit from an improvement period, and determined that there was no reasonable likelihood that she could correct the conditions of abuse and neglect within a reasonable time. After finding that termination was in the children's best interest and the least restrictive alternative, the court terminated the petitioner's parental rights to Z.G. and I.W. It is from this order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner asserts that while she "cannot argue that she substantially complied with the offered services," she could have corrected the conditions of abuse and neglect through an improvement period. However, to receive an improvement period, a parent must "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(2)(B). Further, "[t]he circuit court has the discretion to refuse to grant an improvement period when no improvement is likely." *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). The petitioner does not challenge the court's finding that she could not demonstrate that she would comply with or benefit from an improvement period or the facts upon which the court relied in making this determination, namely, the petitioner's continual drug abuse and failure to participate in services. As such, she is entitled to no relief.

The petitioner also argues that termination was not the least restrictive alternative because the children were to be placed in a legal guardianship. However, the children's placement does not affect the circuit court's obligation to terminate parental rights upon finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and that termination is necessary for the welfare of the child. *See* W. Va. Code § 49-4-604(c)(6). There is no such likelihood when the parent is "addicted to . . . drugs, to the extent that

---

[3] Z.G.'s father's parental rights were also terminated, and the permanency plan is adoption in the current placement. I.W.'s father's parental rights remain intact, but he consented to I.W. being placed in a subsidized legal guardianship.

2

proper parenting skills have been seriously impaired and the [parent] . . . ha[s] not responded to or followed through the recommended and appropriate treatment." *Id.* § 604(d)(1). Here, ample evidence shows that the petitioner continually abused drugs throughout the proceedings, failed to participate in services, and never entered a rehabilitation program. Thus, the court's conclusions that there was no reasonable likelihood that the conditions of abuse or neglect could be corrected in the near future and the children's best interests necessitated termination are supported by that evidence. Further, we have explained that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). As such, the petitioner's argument is meritless.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 24, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: July 30, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

3